IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | | |
|---|---|---|---|
| In Re: | * | | |
| | * | | |
| JANET STACY KAPLAN | * | Case No. 19-14173-LSS | |
| MICHAEL RICHARD KAPLAN | * | (Chapter 7) | |
| | * | | |
| Debtors, | * | | |

**MOTION TO SHORTEN PERIOD FOR RESPONSES TO
TRUSTEE'S MOTION TO SELL ESTATE PROPERTY**

Merrill Cohen, Chapter 7 Trustee for the estate of Janet Stacy Kaplan and Michael Richard Kaplan (the "Debtors"), by and through counsel, hereby moves for an Order shortening the notice period for responses to the Trustee's motion to sell the estate's interest in real property, and in support hereof, states the following:

1. The Debtors filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on March 28, 2019.

2. Merrill Cohen was appointed as Trustee, qualified, and is now acting as Chapter 7 Trustee.

3. Among the assets the Debtors listed in their bankruptcy petition is real property located at 3643 Islington Street, Frederick, MD 21704 (the "Property").

4. On March 20, 2020, the Trustee filed a motion (the "Sale Motion") seeking authority to sell the Property to Jacqueline M. Anselmo, a disinterested individual unrelated to the Debtor and the Trustee, for a gross sale price of $347,000.00.

5. As set forth in the Sale Motion, the proposed sale would result in payment of $305,548.00 to Flagstar Bank, which holds a first priority deed of trust against the property,

-1-

$6,000 to Specialized Loan Servicing ("SLS"), which holds a second priority deed of trust, and payment in full of a lien for homeowners' association assessments to Villages of Urbana Community Association ($2,202.00). The sale would also result in payment of $15,000 to the Trustee for distribution through the estate.

6. Both Flagstar and SLS have consented to the sale, and the Trustee has submitted to the Court a revised consent order which complies with the requirements of the Court's Administrative Order No. 03-02.

7. The original deadline for responses to the Sale Motion was April 10, 2020, and a hearing was set for May 4, 2020. Thereafter, the United States District Court for the District of Maryland entered Standing Order 2020-05, which extended deadlines for responses to motions filed with the Court by 42 days, and Standing Order 2020-07, which further extended such deadlines for 84 days. Thus, it appears the deadline for responses to the Sale Motion was extended to June 12, 2020 by such Standing Orders.

8. In this Motion, the Trustee requests that the deadline for objections be shortened, notwithstanding the District Court's Standing Orders, such that responses should have been filed by April 27, 2020.[1] Indeed, Flagstar filed a response prior to that date, and the Trustee and Flagstar have resolved its concerns with the Sale Motion as referenced in the proposed consent order attached hereto.

9. Under the circumstances of this case, shortening the notice period will not prejudice any party to this proceeding, and is necessary to avoid detriment to the bankruptcy

---

[1] The Trustee incorrectly believed the response period had been shortened to the Sale Motion by the Court's instruction entered on April 15, 2020. That instruction, however, only shortened the notice period regarding an Application to Compensate the Trustee's real estate agent in connection with the proposed sale. The Trustee requests that the notice period for the Sale Motion be shortened to the same date.

estate. Flagstar has conditioned its agreement on the Trustee consummating the sale by May 11, 2020, and the proposed purchaser is prepared to close the sale by that date. The Debtors also have agreed to the sale and have vacated the Property to permit the sale to be consummated.

10.    The sale provides an indisputable benefit to the estate and unsecured creditors. Without the sale, a foreclosure of the Property will very likely result in no net proceeds to any creditors aside from Flagstar. By contrast, the proposed sale pays agreed amounts to all lienholders, and the $15,000 payment to the estate will likely result in a dividend paying nearly all unsecured claims, which currently total approximately $8,000.

11.    Under the circumstances of this case, the Trustee submits that shortening the notice period is appropriate such that the Court is able to enter the proposed Consent Order allowing the sale.

WHEREFORE, Merrill Cohen, Chapter 7 Trustee, respectfully requests that this Court enter an Order shortening the period for responses to the Sale Motion, deeming responses to have been due by April 27, 2020, and enter the proposed Consent Order permitting the sale in the form attached hereto, and that the Court grant the Debtor such other and further relief as is just and proper.

Respectfully submitted,

COHEN BALDINGER & GREENFELD, LLC

By: */s/ Augustus T. Curtis*
      Merrill Cohen, Esq.
      Augustus T. Curtis, Esq.
      2600 Tower Oaks Blvd., Suite 103 Suite
      Rockville, MD 20852
      (301) 881-8300
      Counsel for the Trustee

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I have reviewed the Court's CM/ECF filing system, and that it confirms that a copy of the foregoing Motion, together with the proposed order thereon, will be served this 1st day of May via electronic service to the following:

      Kevin K. Shipe, Esq., Attorney for Debtor
      Ruth O. Katz, Esq., Attorney for Villages of Urbana Community Association
      Kevin Feig, Esq., Attorney for Matrix Financial Services Corp., Successor to Flagstar Bank.

      I HEREBY FURTHER CERTIFY that on this 20th day of March, 2020, a copy of the foregoing Motion was mailed first class mail, postage prepaid to: Janet S. Kaplan and Michael R. Kaplan, 3643 Islington Street, Frederick, MD 21704 and the Office of the United States Trustee, 6305 Ivy Lane, Ste. 600, Greenbelt, MD 20770

May 1, 2020.

                                                  / /s/Augustus T. Curtis
                                                  Augustus T. Curtis